**Wayne E. JONES, Plaintiff-Appellant,**

v.

**Charles C. WIKE, M.D.,
Defendant-Appellee.**

No. 81–7243

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 4, 1981.

Rehearing Denied Nov. 5, 1981.

Jane Kent-Plaginos, Cumming, Ga., for plaintiff-appellant.

Whelchel, Dunlap & Gignillist, James A. Dunlap, James E. Brim, III, Gainesville, Ga., for defendant-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Wayne Jones filed this diversity action against Dr. Charles Wike alleging medical malpractice in connection with a hernia operation. The district court initially denied defendant's motion for summary judgment

on the ground a question of fact existed on whether the post-operative care was negligent. The court, however, reconsidered its order after defendant submitted affidavits by three physicians to the effect the post-operative care was proper and in accordance with reasonable standards of medical care. Noting plaintiff failed to submit expert affidavits in opposition, the court held no material issues of fact or law remained and granted summary judgment.

■ The court did not abuse its discretion in reconsidering its initial order denying summary judgment in light of the new affidavits. *See Bon Air Hotel v. Time, Inc.,* 426 F.2d 858 (5th Cir. 1970). *See also Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118 (10th Cir. 1979). The affidavits served to resolve the disputed issues forming the basis for the earlier denial.

■ The court also did not err in granting summary judgment. Under Georgia law, applicable to this action, a plaintiff asserting medical malpractice must present expert medical testimony to overcome the presumption of a physician's care, skill and diligence. *See, e. g., Starr v. Fregosi,* 370 F.2d 15 (5th Cir. 1966); *Parker v. Knight,* 245 Ga. 782, 267 S.E.2d 222 (1980); *Hughes v. Malone,* 146 Ga.App. 341, 247 S.E.2d 107 (1978); *Wilson v. Kornegay,* 108 Ga.App. 318, 132 S.E.2d 791 (1963). In recognition of this rule, the Georgia Supreme Court has held:

> [W]hen the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant.

*Howard v. Walker,* 242 Ga. 406, 249 S.E.2d 45, 46–47 (1978). *Accord, Parker v. Knight,* 245 Ga. 782, 267 S.E.2d 222 (1980).

■ In the present case, defendant presented affidavits by several physicians who each offered the opinion that defendant's treatment of plaintiff was reasonable and consistent with general standards of care. Plaintiff failed to produce any expert affidavits to the contrary, although given opportunity to do so. The only affidavit submitted was that of a registered nurse, who did not qualify as an expert with respect to the medical issues in the case, *cf. McCormick v. Avret,* 154 Ga.App. 178, 267 S.E.2d 759 (1980), *aff'd,* 246 Ga. 401, 271 S.E.2d 832 (1980), and in any event did not raise a factual dispute sufficient to overcome summary judgment.

Since the district court correctly held no genuine issue remained to be tried by a jury, its grant of summary judgment must be affirmed.

AFFIRMED.