**Horace Edward HOLLIS, Plaintiff,**

v.

**Anthony A. BAILEY, et al., Defendants.**

**No. 81–492C(1).**

United States District Court,
E. D. Missouri, E. D.

Oct. 13, 1981.

Horace E. Hollis, pro se.

Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon defendant Anthony A. Bailey's motion for summary judgment. Fed.R.Civ.P. 56. The Court agrees with defendant that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law.

Plaintiff's cause of action is grounded on 42 U.S.C. § 1983. In his complaint, plaintiff contends that defendant Bailey stopped his car on Interstate 55, illegally searched the vehicle, impounded certain possessions from the car and improperly arrested plaintiff. Plaintiff also avers that the defendant collaborated with a tow lot operator to force plaintiff to either sell his vehicle to the tow lot operator or have the car confiscated and forfeited pursuant to § 195.145 (RSMo 1979).

Defendant's affidavit in support of his motion for summary judgment paints a different picture of the incident. Defendant states he initially pursued and stopped plaintiff's vehicle when plaintiff "increased his speed to elude me". Defendant was then told by one of two female passengers in plaintiff's car that plaintiff had a weapon. Defendant Bailey searched plaintiff's car and uncovered a loaded .38 caliber automatic pistol. Upon more intensive investigation, defendant Bailey discovered one quarter pound of marijuana under the front seat and several checkwriting machines and checks in various names from different banks in the trunk. After plaintiff was taken into custody by the F.B.I., defendant Bailey witnessed, but in no way arranged, a conversation between plaintiff and a tow lot operator regarding possible disposition of plaintiff's vehicle. Proceedings were initiated in Ste. Genevieve County to have plaintiff's car forfeited pursuant to § 195.-145 (RSMo 1979), but were later dropped. Subsequently, plaintiff sold his vehicle to his attorney.

This Court is required to accept plaintiff's pleadings as true on its face. However, this situation changes:

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond,

summary judgment, if appropriate, shall be entered against him:

Fed.R.Civ.P. 56(e) (1963). Plaintiff's motion in opposition to summary judgment is simply a reargument of plaintiff's case and will be disregarded by this Court for purposes of summary judgment. *Goodloe v. Davis,* 514 F.2d 1274, 1276 (5th Cir. 1975); see *Smith v. Office of Economic Opportunity for the State of Arkansas,* 538 F.2d 226 (8th Cir. 1976); 10 *Wright & Miller, Federal Practice and Procedure,* Civ. § 2738 at 696–97 (1973). Thus, defendant's account of the entire incident is uncontradicted.

■ Qualified immunity from liability under 42 U.S.C. § 1983 exists for police officers whose actions were motivated by good faith and probable cause. *Gomez v. Toledo,* 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Pierson v. Ray,* 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967); *Landrum v. Moats,* 576 F.2d 1320 (8th Cir. 1978), *cert. denied* 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978). The yardstick for qualified immunity is whether the officer was acting under a statute that he reasonably believed to be valid. *Pierson v. Ray, supra,* 386 U.S. at 555, 87 S.Ct. at 1213.

■ Corporal Bailey's principal duty as a Highway Patrolman is to "enforce traffic and promote safety upon the highways." § 43.025 (RSMo 1969). Officers are empowered by statute to "take from any person under arrest or about to be arrested deadly or dangerous weapons in the possession of such person." § 43.200 (RSMo 1969). It is clear from the foregoing that defendant Bailey, acting as a member of the Missouri State Highway Patrol, had a statutory basis for stopping and searching the plaintiff's vehicle. Defendant's affidavit evidences its good faith belief that plaintiff was exceeding the speed limit. Further, the information relayed to defendant by one of plaintiff's female passengers was sufficient to form probable cause to search the vehicle for a weapon. Subsequent conversation between plaintiff and the tow lot operator, which defendant witnessed, was merely a discussion between those two parties and

could not serve as a predicate for a § 1983 action against the defendant.

The Court parenthetically notes that both parties have agreed that defendant will release certain of plaintiff's possessions to whomever the plaintiff designates. Accordingly, the Court directs defendant to release any of plaintiff's clothing, tapes, CB radio and photographs presently possessed by defendant to whomever the plaintiff appoints.