**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Robert E. BOYDEN and Jean Boyden,
Defendants-Appellees.**

No. 81–4553.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 1982.

Decided Jan. 10, 1983.

Martin W. Matzen, Washington, D.C., for plaintiff-appellant.

Steven J. Howell, Oroville, Cal., argued, Martin W. Matzen, Washington, D.C., on brief, for defendants-appellees.

Before MERRILL, Senior Circuit Judge, KASHIWA * and WALLACE, Circuit Judges.

KASHIWA, Circuit Judge:

This case, on appeal from the United States District Court for the Northern District of California, raises the issue whether the houseboats built by the appellees may be considered structures subject to the provisions of Section 10 of the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 403. Jurisdiction of this court is governed by 28 U.S.C. § 1291.

Appellees, Robert and Jean Boyden, own two waterfront lots on Bethel Island in California. In 1976, the Army Corps of Engineers first observed construction of a floating residence on the Boydens' property and advised the Boydens that no Section 10 permit had been issued for that construction as required by regulation. The Corps requested that the construction cease. Nevertheless, the Boydens continued construction of the houseboat which was completed in 1977. In November, 1977, the Corps advised the Boydens that the presence of the houseboat in a navigable waterway of the United States was not in the public interest and requested its removal.

The houseboat built by the Boydens was constructed with the intent of either renting it or moving into it. It was designed to meet all the definitions of a boat. The houseboat was constructed from a platform deck floated by two pontoons on which a structure for living quarters was built. The design included mountings for two outboard type motors, was outfitted with all coast guard required safety equipment, registered as a vessel and taxed by the state of California as a houseboat. A second houseboat, essentially the same, was built in April, 1978. Both houseboats were moored to the Boydens' docks by tie lines and supplied with electrical, telephone, fresh water and sewerage hookups which could be disconnected without the use of tools. A pair of outboard motors totalling 50 horsepower were owned by the Boydens and could be used to power and steer the houseboats. The boats had been taken out into the slough prior to March, 1979 once and twice respectively.

The parties brought cross motions for summary judgment at the district court. The district court granted summary judg-

---

* The Honorable Shiro Kashiwa, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

ment in the Boydens' favor. It held that the houseboats built by the Boydens were vessels under 1 U.S.C. § 3 and therefore were not structures under 33 U.S.C. § 403. The district court stated that 33 C.F.R. § 322.2(b) (1981), the regulation promulgated by the Army Corps of Engineers to implement § 403, did not require the court to find that the houseboats were structures within the meaning of § 403. It held there were no factual issues in dispute that would preclude its grant of summary judgment.

I

Section 10 of the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 403 (hereinafter Section 10) provides:

§ 403. *Obstructions of navigable waters generally; wharves; piers, etc.; excavations and filling in*

The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor of refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same.

The district court held that the Boydens' houseboats met the definition of a vessel provided by 1 U.S.C. § 3 [1] and therefore could not be structures under Section 10 of the Rivers and Harbors Act. We respectfully disagree. The fact that the houseboats may qualify as vessels under one section of the United States Code does not mean they may not also be considered structures under a separate section. It is necessary to look to the purpose and intent of a statute when deciding what its terms mean. *District of Columbia v. Carter,* 409 U.S. 418, 420, 93 S.Ct. 602, 604, 34 L.Ed.2d 613 (1973). 1 U.S.C. § 3 and Section 10 should not be construed together or viewed as overlapping in the absence of such Congressional intent. *See United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

The purpose of Section 10 is to prevent obstruction of the navigable capacity of the United States' waterways. *Wisconsin v. Illinois,* 278 U.S. 367, 49 S.Ct. 163, 73 L.Ed. 426 (1929). Section 10 has three separate clauses. The first forbids the creation of obstructions to the navigable capacity of any waters of the United States. The second and third clauses are legislative enumerations of specific structures and activities that can only be built with the Corps' authorization.

In other words, the building activities mentioned in clauses 2 and 3 are *presumed* to be obstructions to navigable capacity. Under the statute the Secretary of the Army determines whether these obstructions are reasonable. * * * When one undertakes any of the activities described in clause 2 or by his activities brings about any of the results specified in clause 3, he violates Section 10 if he has not first sought and obtained a permit from the Corps of Engineers. [Emphasis in original.]

*Sierra Club v. Andrus,* 610 F.2d 581, 594–95 (9th Cir.1979), *rev'd on other grounds sub nom. California v. Sierra Club,* 451 U.S. 287,

1. 1 U.S.C. § 3 provides:

§ 3. *"Vessel" as including all means of water transportation*

The word "vessel" includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water.

101 S.Ct. 1775, 68 L.Ed.2d 101 (1981). Thus to fall within the prohibition of clause 2, it need only be shown that the subject in question is one of those enumerated in Section 10.

 In accord with its statutory mandate, the Army Corps of Engineers has interpreted and enforced clause 2 of Section 10. Clause 2's legislative enumeration of specific structures includes the phrase "other structures." The Corps has properly promulgated 33 C.F.R. § 322.2(b) (1981) to define structure. It states:

(b) The term "structure" shall include, without limitation, any pier, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, jetty, permanent mooring structure, power transmission lines, permanently moored floating vessels, piling, aids to navigation, or any other permanent or semi-permanent obstacle or obstruction.

It is a well accepted principle of law that agency interpretations are to be given great deference. *EPA v. National Crushed Stone Association,* 449 U.S. 64, 83, 101 S.Ct. 295, 306–07, 66 L.Ed.2d 268 (1980); *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Appellees correctly point out that a court is not bound to accept an administrative construction of a statute if it is at odds with the Congressional intent of the statute. *Espinoza v. Farah Manufacturing Co.,* 414 U.S. 86, 94–95, 94 S.Ct. 334, 339, 38 L.Ed.2d 287 (1973); *United States v. Cartwright,* 411 U.S. 546, 557, 93 S.Ct. 1713, 1719, 36 L.Ed.2d 528 (1973). It has not, however, been demonstrated that § 322.2(b) conflicts with the legislative intent of Section 10, prohibiting obstruction of the Nation's navigable waterways. The regulation instead furthers the legislative intent and adds certainty by specifying what shall be considered a structure. As applied to this case 33 C.F.R. § 322.2(b) is therefore valid.

## II

 Appellant alleges the boats fall within the category "permanently moored floating vessels" described by § 322.2(b), an issue not considered by the district court though raised by the parties. Appellees respond that their boats are not "permanently moored floating vessels." They emphasize that their boats may be disconnected from the moorings without the use of any tools and are therefore not permanently moored. Thus appellees urge that the district court's grant of summary judgment be affirmed.

[This] court will affirm a grant of summary judgment only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that the appellee is entitled to prevail as a matter of law. *Garter-Bare Co. v. Munsingwear, Inc.,* 622 F.2d 416, at 422 (9th Cir.1980).

*Heiniger v. City of Phoenix,* 625 F.2d 842, 843 (9th Cir.1980). A review of the record shows there is a factual dispute which may be relevant to a determination whether the houseboats are "permanently moored floating vessels." The affidavits dispute whether the boats are safely navigable. The Government has presented an affidavit from an Engineer Technician with the Army Corps of Engineers stating that in his opinion the houseboats are not capable of safe navigation under their own power. Appellees contend this affidavit should not be considered because the affiant is not competent to testify since he is not a naval architect. We disagree. Federal Rule of Civil Procedure 56(e) provides in pertinent part:

(e) *Form of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

As a member of the Army Corps of Engineers, the affiant is familiar with the Corps' regulations and their implementation. The affiant is also familiar with the Boydens' boats. We find the affidavit may therefore be properly considered under Rule 56(e).

Appellees have presented a counter affidavit of an individual who observed the houseboats navigate under their own power. Thus the government's and appellees' affidavits present a factual dispute which we cannot resolve.

We therefore conclude that this case should be remanded to the district court for a finding as to whether the boats are navigable and whether they are "permanently moored floating vessels" under 33 C.F.R. § 322.2(b).

REVERSED AND REMANDED.