**I.N. REINKE, Plaintiff-Appellant,**

v.

**Michael J. O'CONNELL, M.D. and T.J. Ferrell, Jr., M.D., Defendants-Appellees.**

No. 85–8640.

United States Court of Appeals, Eleventh Circuit.

June 2, 1986.

Rehearing and Rehearing En Banc Denied July 28, 1986.

Terry A. Dillard, Bryant Bower, Dillard and Landers, Waycross, Ga., for defendants-appellees.

O. Wayne Ellerbee, Valdosta, Ga., for plaintiff-appellant.

Before GODBOLD, Chief Judge, VANCE, Circuit Judge, and THOMAS [*], Senior District Judge.

GODBOLD, Chief Judge:

This is a medical malpractice suit based on diversity. Doctors O'Connell and Ferrell filed motions for summary judgment. The motions were supported by their personal affidavits, which stated simply that in their expert opinions neither of them was guilty of malpractice. Reinke filed in opposition his own affidavit and deposition testimony of a Dr. Stafford, who had treated Reinke after his allegedly negligent treatment by the defendants. The district court granted defendants' motions, citing Georgia cases that require a medical malpractice plaintiff to produce "contrary expert opinion" to resist a defendant's motion for summary judgment. *See Howard v. Walker,* 242 Ga. 406, 249 S.E.2d 45, 46–47 (1978).

The key issue is whether the district court should have applied the Georgia "contrary expert opinion" rule or the standard of Rule 56 to determine whether the plain-

[*] Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

tiff was bound to respond to the motions for summary judgment. *Cf. Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The first step of our inquiry is to determine whether there is a genuine conflict between the state and the federal rules. Under Georgia law a physician is a competent expert witness in his own defense, *see Parker v. Knight*, 245 Ga. 782, 267 S.E.2d 222 (1980), and his motion for summary judgment supported by his bare statement that he is not guilty of malpractice imposes a burden on the plaintiff to come forward with "contrary expert opinion" evidence, *Howard v. Walker*. If the plaintiff fails to meet this burden then summary judgment is granted.

Under F.R.Civ.P. 56, the nonmovant is not required to produce anything to resist a motion for summary judgment unless the motion is supported by

> affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact.
>
> \* \* \* \* \* \*
>
> Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.

F.R.Civ.P. 56(e), Notes of Advisory Comm. on Rules. Under the federal rule support of motion by the mere reiteration of responsive pleadings cannot justify summary judgment and therefore cannot create a burden upon the nonmovant to submit evidence in opposition. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2738 (1983 & 1985 Supp.), *citing, e.g., Beard v. Annis*, 730 F.2d 741, 743 (11th Cir.1984); *Goodloe v. Davis*, 514 F.2d 1274 (5th Cir.1975). There is therefore a clear conflict between the Georgia and the federal rules.

The next step in the analysis is to determine the source of the federal rule. As is readily seen, the source is Rule 56.[1] Where the source of the federal rule is the Federal Rules of Civil Procedure the decisive question is whether the rule governs a matter "which, though falling within the uncertain area between substance and procedure, [is] rationally capable of classification as either," *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965). If the subject matter of the federal rule is "arguably procedural" *id.* at 476, 85 S.Ct. at 1146 (Harlan. J., concurring), then the rule does not overstep the Rules Enabling Act and is therefore to be followed. *Id.* at 471, 85 S.Ct. at 1144.

Here, there is no real doubt that the federal rule is "arguably procedural." *See* 10A Wright, Miller and Kane, § 2739 at 512–19. The federal rule therefore should have been applied. *E.g., Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123 n. 5 (5th Cir.1978); *Lighting Fixture & Elec. Sup. Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). What has already been said shows that summary judgment was improper under the federal standard. *See also Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970).

*Jones v. Wike*, 654 F.2d 1129 (5th Cir. Unit B 1981) (per curiam), cited by O'Connell and Ferrell is not to the contrary. *Wike* upheld summary judgment for the defendant in a diversity malpractice action and relied upon the Georgia "contrary expert opinion" rule. Dr. Wike, the defendant, offered the affidavits of "several" physicians in support of his motion. This submission was sufficient under Rule 56 to trigger the nonmovant's duty to make opposing submissions. The plaintiff in *Wike* offered only the affidavit of a registered nurse, which under Georgia law did not qualify as expert opinion. The *Wike* court properly applied the Georgia "contrary expert opinion" rule to determine that there was no genuine issue to be tried to the jury. In this case, unlike *Wike*, defendants

---

1. The question here is therefore "a far cry from the typical, relatively unguided *Erie* choice," *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), whose resolution will call for a more extensive analysis. *See, e.g., The Stewart Org. v. Ricoh Corp.*, 779 F.2d 643 (11th Cir.1986), *reh'g granted, op. vacated* (Mar. 14, 1986).

did not file enough to trigger a duty on plaintiff to respond. Their affidavits were but a restatement of their answers, which denied negligence. Because of this conclusion we do not reach the issue of the adequacy of plaintiff's submissions to raise a genuine issue of material fact.

REVERSED.