Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Malcolm COHEN, Miller Druck Company, Inc., and the Miller Druck Company, Inc. Employee Stock Ownership Plan, Defendants.

No. 86 Civ. 9751 (RWS).

United States District Court, S.D. New York.

May 25, 1988.

United States Dept. of Labor, Office of the Solicitor, Plan Benefits Sec. Div., Washington, D.C. (Linda N. Winter, of counsel), for plaintiff.

Altieri, Kushner, Miuccio & Frind, P.C., New York City (Howard A. Rosenstein, of counsel), for defendants.

### OPINION

SWEET, District Judge.

Defendants Malcolm Cohen ("Cohen"), Miller Druck Company, Inc. ("Miller Druck") and the Miller Druck Company, Inc. Employee Stock Ownership Plan (the "Plan") have moved under Rule 3(j) of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York for reargument and reconsideration of the motion for summary judgment filed by plaintiff Secretary of the United States Department of Labor (the "Secretary")[1] which was granted by the opinion dated March 7, 1988 (the "Prior Opinion"). The motion to reargue was submitted on April 15, 1988. For the reasons set forth below, the motion is denied, with the exception that prejudgment interest shall not be compounded daily.

### The Prior Opinion

The Prior Opinion, familiarity with which is assumed, held that Cohen had breached his fiduciary duty as trustee of the Plan in connection with the investment of Plan assets with Penvest, Inc. ("Penvest"), an investment management company that filed for bankruptcy some time after the events relevant to this action took place. In particular, the Prior Opinion found that Cohen had breached his fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101 et seq., to investigate and evaluate a proposed investment of $280,000 of Plan assets with Penvest and, thereafter, to monitor Penvest's performance with reasonable diligence. Among other requested relief, the Prior Opinion awarded damages in the amount of $637,412.00 consisting of the lost investment of $280,000 of Plan assets plus $357,412.00 in prejudgment interest from the time of the improper investments to December 31, 1987 calculated by using the adjusted prime interest rates set by the Secretary of the Treasury pursuant to §§ 6621 and 6622 of the Internal Revenue Code. See 26 U.S.C. §§ 6621, 6622 (1988 Supp.).

### The Motion to Reargue

■ In order to prevail under Local Rule 3(j), Cohen must "demonstrate that the court overlooked controlling decisions or

---

1. Pursuant to Fed.R.Civ.P. 25(d)(1), Ann McLaughlin, whose appointment as Secretary of Labor has been confirmed, is hereby substituted as proper party plaintiff.

factual matters that were put before the court on the underlying motion." *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.,* 624 F.Supp. 856 (S.D.N.Y.1985). Cohen asserts the following three primary grounds in support of his motion for reargument: (1) the Prior Opinion wrongly excluded from consideration an affidavit by Cohen (the "Cohen Affidavit") submitted in opposition to the motion for summary judgment; (2) the Prior Opinion wrongly considered the declaration of Richard M. Ennis, submitted by the Secretary as expert testimony on the subject of the management of institutional funds; and (3) the Prior Opinion wrongly accepted the Secretary's unrebutted calculation of the amount of prejudgment interest to be awarded on the damages to the Plan.[2]

*The Cohen Affidavit*

■ The Prior Opinion found that there was some factual disparity between the Cohen Affidavit and Cohen's deposition taken on August 12, 1987 (the "Cohen Deposition"). Although the disparity amounted primarily to a difference between specific answers given in the Cohen Deposition and general conclusions given in the Cohen Affidavit concerning Cohen's investigation and monitoring of Penvest, the Prior Opinion concluded 'that the affidavit would be disregarded to the extent that conclusions stated therein conflicted with specific answers in Cohen's prior deposition testimony. *See SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978) (opponent of a motion for summary judgment may not rely on "mere conclusory allegations or denials" to defeat the motion); *Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir.1969) (party may not defeat motion for summary judgment by submitting an affidavit contradicting his prior deposition testimony).

Cohen argues first that *Perma Research* is distinguishable on its facts and second that, in any event, the Prior Opinion misapplied *Perma Research* since Cohen's affidavit was fully consistent with his prior deposition testimony. However, Cohen's attempt to distinguish the decision in *Perma Research* by a narrow reading of its facts does little to diminish the import of the Second Circuit's holding that permitting a party to "raise an issue of fact simply by submitting an affidavit contradicting his own prior [deposition] testimony ... would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Research,* 410 F.2d at 578. In *Mack v. United States,* 814 F.2d 120, 124 (2d Cir.1987), the Second Circuit reiterated the well-settled rule "in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." As for Cohen's second claim, the following example of a discrepancy between the Cohen Affidavit and the Cohen Deposition is sufficient to demonstrate the relevance of both *Perma Research* and *SEC v. Research Automation* to this case.

Cohen stated at his deposition that the first time he received financial documentation of Penvest was in October 1983 when, in response to a request from Arnold Hecht, Miller Druck's controller, Penvest sent Cohen certified financial statements for the year ended January 31, 1983 and a partial schedule of portfolios held by Penvest. However, in his affidavit, Cohen stated that he had monitored and reviewed certain Penvest documents that were attached as an exhibit to his counsel's affidavit. Among this randomly assembled collection of Penvest documents, many of which were duplicates, was an unsigned

---

2. The Prior Opinion also held that the Secretary's action was not barred by the applicable statute of limitations. In the instant motion, Cohen asserts that he should be permitted to conduct additional discovery in order to buttress his claim that the Secretary had knowledge of the Miller Druck fiduciaries' breach of their duties under ERISA more than three years before the Secretary commenced suit. However, the Prior Opinion observed that despite having been granted limited discovery with respect to his statute of limitations defense, Cohen had failed to offer any evidence to support it. Nothing has been submitted on the instant motion that would warrant a reversal of the Prior Opinion's holding with respect to the statute of limitations defense.

letter dated October 21, 1982 from Penvest to Cohen which appeared to be a cover letter to an interim certified financial statement of Penvest's assets as of September 30, 1982. Thus, the Cohen Affidavit and the Cohen Deposition offered different accounts of when Cohen began to review financial information concerning Penvest and its treatment of Plan assets.

■ However, as the Prior Opinion noted, unlike the October 1983 letter, which was stamped to indicate that it had been received and reviewed by Cohen, the October 1982 letter was unstamped, unsigned and gave no indication that it had ever been received or reviewed by anyone at Miller Druck. There are at least three grounds that support the Prior Opinion's refusal to credit the Cohen Affidavit. First, the affidavit's implicit suggestion that Cohen had received Penvest financial documents in October 1982 directly contradicted Cohen's explicit statement in his deposition at pages 61–63 that he could not recall having received any financial statements from Penvest before October 1983. Thus, the contradicting affidavit was properly excluded under *Perma Research.* Second, to the extent that the Cohen Affidavit contains the conclusory allegation that Cohen read a given collection of documents without any specific reference to the documents or their contents, the affidavit was properly not credited under *SEC v. Research Automation.* Third, to the extent that the October 1982 letter was unsigned, unstamped, and for all intents and purposes, unverified, it was properly excluded from consideration under Fed.R.Civ.P. 59(e).

■ There was no credible evidence in the record on the motion for summary judgment that Cohen had reviewed financial information concerning Penvest and the details of its investment of Plan assets until more than two years after he had made the investment. On the instant motion, Cohen has failed to establish any legal or factual grounds to disturb the Prior Opinion's holding with respect to Cohen's failure to monitor Penvest's performance with reasonable diligence.

*The Ennis Declaration*

■ Cohen objects to the Prior Opinion's consideration of the Ennis Declaration both because it was not notarized and because it sets forth an opinion based on the facts of this case of which Ennis did not have personal knowledge. As for the first objection, although not in the form of an affidavit sworn before a notary public, the Ennis Declaration was admissible under 28 U.S.C. § 1746 (1988 Supp.) which permits an unsworn declaration made under penalty of perjury to substitute for a sworn affidavit. *Cf. Pfeil v. Rogers,* 757 F.2d 850 (7th Cir. 1985) (unsworn declaration which lacked notary's seal but indicated that it had been made under penalty of perjury and before a notary was admissible on motion for summary judgment), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). Therefore, although prudence counsels that all statements be notarized when feasible, the Ennis Declaration, which recites "I declare under the penalty of perjury that the foregoing is true and correct," was technically admissible on the motion for summary judgment.

■ As for Cohen's second objection, the Prior Opinion did not rely on Ennis's conclusions with respect to Cohen's performance of his duties as a plan fiduciary under ERISA. Rather, the Prior Opinion relied on the Ennis Declaration for the limited purpose of setting forth certain basic inquiries that would be relevant to the prudent selection of a person or entity to invest ERISA plan assets. Although he had the opportunity to rebut the standards attested to by the Secretary's expert, Cohen failed to do so. Thus, it was not improper for the Prior Opinion to refer to certain unrebutted expert testimony concerning the inquiries that a prudent fiduciary would make before deciding to invest plan assets. *Cf. United States v. Boyden,* 696 F.2d 685, 688 (9th Cir.1983) (admitting opinion testimony in affidavit of engineer technician with Army Corps of Engineers); *Jones v. Wike,* 654 F.2d 1129, 1130 (5th Cir.1981) (admitting opinion testimony in affidavits of physicians on motion for summary judgment).

*Prejudgment Interest*

■ Cohen contends that the court should not have accepted the Secretary's calculation of $357,412.00 in prejudgment interest on the Plan's loss of $280,000.00 using the adjusted prime interest rates set by the Secretary of the Treasury (the "Treasury rate"). There is no dispute that the Plan lost the entire $280,000 that Cohen invested with Penvest. Moreover, as the Court of Appeals for this Circuit held in *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir.1984), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), "it is well-settled that ERISA grants the court wide discretion in fashioning equitable relief to protect the rights of pension fund beneficiaries including the award of prejudgment interest." This discretion includes "the power to award interest at a rate that will put the [Pension Fund] in the position that it would have occupied but for the [trustees'] breach." *Id.* However, Cohen claims (1) that the Secretary was required to prove by expert testimony the lost opportunity cost to the Plan caused by Cohen's breach and (2) that there was no basis for calculating lost interest with reference to the Treasury rate.

Contrary to Cohen's assertion, the Court of Appeals did not hold in *Katsaros v. Cody* that expert testimony is required to establish lost opportunity cost to ERISA plans that suffer losses caused by a breach of fiduciary duty. In *Katsaros*, the Court simply held that the district court had not abused its discretion in awarding interest at the rate of prime plus one percent where expert testimony established that such was the prevailing rate at which loans were being made to other institutions. In so holding, the Court cited to *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D. Wis.1979) in which the district court held that the interest rate allowable in ERISA cases is "like other elements of an equitable recovery, ... subject to the discretion of the Court." *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. at 644 n. 7.

In exercising this discretion, courts have relied on the Treasury rate as a fair measure of the cost of money over the relevant time period. *See Brock v. Crapanzo*, 84 Civ. 1899, slip op. (S.D.Fla. July 23, 1986), *aff'd mem.*, 819 F.2d 1148 (11th Cir.1987); *Marshall v. Snyder*, 1 Empl.Ben.Cases (BNA) 1878 (E.D.N.Y.1979). In *Marshall v. Snyder*, the Honorable George C. Pratt found that in order to effect ERISA's remedial purpose to make plans whole following a fiduciary's breach, interest should be allowed at the rate which equitably measures the "time value of money during particular periods of time; the 'adjusted prime rate' set by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621." *Marshall v. Snyder*, 1 Empl.Ben.Cases (BNA) at 1188–89. Thus, contrary to Cohen's assertion, there is precedent from a district court in this Circuit for an award of interest at the Treasury rate.

■ Finally, Cohen objects to the calculation of compound interest. Section 6622 of the I.R.C., 26 U.S.C. § 6622 (1988 Supp.), provides that interest required to be paid under section 6621 shall be compounded daily. However, as Cohen contends, section 6622 applies expressly only to internal revenue tax cases and post-judgment interest allowed on money judgments in civil cases in a district court, *see* 28 U.S.C. § 1961 (1988 Supp.). Although *Marshall v. Snyder* was decided before section 6622 became effective, it does not appear that Judge Pratt directed that interest be compounded daily, nor does it appear that the district court in *Brock v. Crapanzo* authorized interest to be compounded daily. Therefore, the Prior Opinion is hereby amended to the extent that only simple interest calculated using the Treasury rate shall be awarded from the time of the initial investment of Plan assets with Penvest to the date of judgment.

The parties are directed to submit judgment in accordance with this opinion on ten (10) days notice.

IT IS SO ORDERED.