**Larry Basheer HAMEED, Plaintiff,**

v.

**S. PUNDT, Correction Officer, S. Dole, Correction Officer, and C. Kelly Jr., Correction Officer, Defendants.**

**No. 93 Civil 5626 (JES).**

United States District Court, S.D. New York.

May 20, 1997.

Larry Basheer Hameed, Mid-Orange Correctional Facility, Warwick, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York, New York City, for Defendants; David Monachino, Assistant Attorney General, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Pursuant to 42 U.S.C. § 1983 and § 1985, plaintiff Larry Basheer Hameed, proceeding *pro se*, filed the instant action against Correction Officers Steven Pundt, Steven Dole, and Charles Kelly (together "defendants") seeking declaratory relief and actual and punitive damages. Hameed alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights by conspiring to discriminate against him because he is Muslim, black, and a "litigator". Pursuant to Federal Rule of Civil Procedure 56(c), defendants move for summary judgment dismiss-

ing the instant action. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff Larry Basheer Hameed is a New York State prison inmate in the custody of the New York State Department of Correction Services ("DOCS") confined at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York. *See* Plaintiff's Statement Pursuant to Local Rule 3(g) dated May 31, 1995 ("Pltf's. Rule 3(g) Stmt.") ¶ 4. Hameed is a black man and a practicing Muslim. *See* Complaint dated June 24, 1993 ("Cmplt.") ¶ 22. During the relevant time of this action, Hameed was a member of L–Company with a cell located in A–Block. *Id.* ¶ 12.

Defendants are State of New York Correction officers employed by DOCS and assigned to Sing Sing. *See* Pltf's. Rule 3(g) Stmt. ¶¶ 1–3. Correction officer Steven Pundt and Correction Officer Steven Dole were assigned to A–Block, L–Company at the time the complaint was filed. *Id.* ¶¶ 1, 2. Correction Officer Charles Kelly was the area Sergeant responsible for A–Block security. *Id.* ¶ 3.

On June 5, 1993, at approximately 7:00 a.m., Hameed was confronted by officer Pundt who asked Hameed "were [sic] he was going." *See* Cmplt. ¶ 12. Before Hameed could answer, Officer Pundt inquired whether Hameed was planning to attend the Muslim Festival. *Id.* Hameed responded in the affirmative. *Id.* A short time after Hameed and Officer Pundt's meeting, L–Company was called to the mess hall for breakfast. *Id.* Afterwards, Hameed returned to his cell to wash-up and shave. *Id.*

At approximately 8:40 a.m., Sing Sing officials announced that the "run" to Tappan Gym for the Muslim Festival would be leaving shortly and that there would be no second run. *See* Cmplt. ¶ 12. Before leaving his cell for the Festival, Hameed spread a sheet over the things on his bed and then closed his cell door.[1] *See* Defendants' State-

---

1. Hameed does not detail the exact nature of the "things" on his bed. However, he does refer to them as "his clothes, net bags, or books." *See* Cmplt. ¶ 20. Defendants do not dispute the nature of the items spread out on the bed. They

allege the "things" were placed under the sheet in the form of a body. *See* Defendants' Notice of Motion for Summary Judgment dated May 11, 1995, Exh. B, Inmate Misbehavior Report.

ment Pursuant to Local Rule 3(g) dated May 11, 1995 ("Defts. Rule 3(g) Stmt.") ¶ 2; Cmplt. ¶ 13. Hameed also asserts that he expressly told Officer S. Quinn, the L–Company officer, to deadlock L–304. *See* Cmplt. ¶ 13. Hameed then proceeded to Tappan Gym where he attended the Muslim Festival. *Id.* ¶ 14.

Later that same day at approximately 1:45 p.m., while Hameed was working in the back of Tappan Gym helping with the food, Hameed was confronted by Correction officers Benjamin and Cannon who insisted that he leave the Festival. *See* Cmplt. ¶ 14. Hameed was escorted out of the gym to a frisk area where he was met by Correction Officer Kelly. Hameed alleges that defendant Kelly told him that a body was found in his cell and that Hameed messed up the head count.[2] *Id.* Defendants did not take any photographs of Hameed's bed. *See* Pltf's. Rule 3(g) Stmt. ¶ 7.

On June 6, 1993, Hameed was charged with Possession of Escape Items (charge number 108.13), Causing Miscount (charge number 112.10) and Delaying Count (charge number 112.20). *See* Defts. Rule 3(g) Stmt. ¶ 3. On June 11, 1993, a Superintendent's Hearing was held and Hameed was found not guilty of Possession of Escape Items and Causing Miscount, *id.* ¶ 4, but guilty of Delaying Count based upon the evidence of written reports by Officer Pundt indicating that the clothes found under the sheet in Hameed's cell were in the form of a body. *See* Defendants' Notice of Motion for Summary Judgment dated May 11, 1995, Exh. B. Hameed was confined to keeplock for thirteen (13) days. *See* Cmplt. ¶ 7.

On June 28, 1993, Hameed filed the instant action alleging that defendants Pundt, Dole and Kelly, while acting under the color of state law, (1) showed deliberate indifference to his constitutional rights; (2) acted uncon-

stitutionally and beyond the scope of their authority by conspiring, orchestrating and discriminating against him, because he is Muslim, black and a litigator; (3) sought to uphold and further DOCS' "open door mirror of society policy" against Muslims as agents for the New York State Department of Correctional Services; and (4) showed deliberate indifference by working in concert as agents of each other to deprive Hameed of his rights under the First, Eighth, and Fourteenth Amendments of the Constitution.

On May 11, 1995, pursuant to Federal Rule of Civil Procedure 56(c), defendants moved for summary judgment arguing that (1) Hameed fails to state a claim for conspiracy; (2) even assuming arguendo that defendants filed a false misbehavior report, that does not rise to a constitutional violation; (3) defendants are entitled to qualified immunity; and (4) Hameed has neither alleged nor proven that defendants Dole or Kelly were personally involved in the alleged unconstitutional charges.

Defendants Pundt, Dole and Kelly assert that prior to their arrival at Sing Sing none of them had ever met or known Hameed. *See* Declaration of Steven Pundt dated April 25, 1995 ("Pundt Dec.") ¶ 3; Declaration of Stephen Dole sworn to April 24, 1995 ("Dole Dec.") ¶ 3; Declaration of Charles Kelly dated April 25, 1995 ("Kelly Dec.") ¶ 3. Defendants further assert that until this incident they were unaware of Hameed's religious affiliation or beliefs.[3] *See* Defts. Rule 3(g) Stmt. ¶ 6. In addition, prior to the events alleged in this action, none of the defendants ever filed a misbehavior report against Hameed. *Id.* ¶ 5. Nor did Hameed make a complaint, file a grievance, or bring another lawsuit against any of these defendants. *Id* ¶ 6. Since his incarceration at Sing Sing in 1990, Hameed has filed only one lawsuit, which concerned a parole hearing and was

---

2. Although it is unclear from the facts of the case how defendant Kelly first heard that a body was found in Hameed's cell, it is presumed that Correction Officers Pundt and Dole first announced the finding. Hameed asserts that defendants Pundt and Dole, who were responsible for the "go-round count", encountered Hameed's cell and what looked to be a body lying under the sheet. Cmplt. ¶¶ 6, 7.

3. Hameed does not assert that defendants made derogatory statements to him concerning his race or religion. Instead, Hameed admits that to his knowledge, no such statements by defendants were ever made or directed towards him. *See* Defts. Rule 3(g) Stmt. ¶ 6.

dismissed.[4] *See* Defendants' Notice of Motion for Summary Judgment dated May 11, 1995, Exh. A, Deposition of Larry Basheer Hameed at 47–49. Moreover, defendants deny that at the time the incident occurred on June 5, 1993, they either discussed or were aware of any complaints, grievances or lawsuits filed by Hameed against each other or any other person. *See* Defts. Rule 3(g) Stmt. ¶ 6.

Hameed argues that defendants have seen him in his Muslim headgear (Kufi), going to and from his Islamic services and classes, participating in Ramadan observance, and being in the company of other Muslims. Hameed further argues that defendants' declarations are submitted in bad faith and that two of the declarations should be rejected because they are unnotarized.[5]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment in favor of the moving party is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In considering a moving party's motion for summary judgment, the Court views all facts and construes all rational inferences derived therefrom in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a motion

for summary judgment]; there must be some evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *see also Argus Inc. v. Eastman Kodak Co.,* 801 F.2d 38, 42 (2d Cir.1986), *quoting Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985) ("mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion").

■ Construing Hameed's complaint and his opposition papers liberally, as the Court must, *see Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Hameed has failed to present any facts upon which he can prevail on a claim for conspiracy under either § 1983 or § 1985. To support a claim for conspiracy under § 1983, Hameed must prove that defendants "acted in a wilful manner, culminating in an agreement, understanding or 'meeting of the minds,' that violated [his] rights, privileges, or immunities secured by the Constitution or federal courts." *Duff v. Coughlin,* 794 F.Supp. 521, 525 (S.D.N.Y.1992), quoting *Katz v. Morgenthau,* 709 F.Supp. 1219, 1231 (S.D.N.Y.), *aff'd in part, rev'd in part,* 892 F.2d 20 (2d Cir.1989). Moreover, to sustain a claim under § 1985, Hameed must show "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)). Conclusory, vague and general allegations are insufficient to establish that defendants conspired to violate his constitutional rights. *See Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977);

---

4. Hameed indicates in his deposition that the suit was dismissed by the *Pro Se* Office. *See* Defendants' Notice of Motion for Summary Judgment dated May 11, 1995, Exh. A at 49. The Court presumes that his suit was dismissed by the Chief Judge pursuant to 28 U.S.C. § 1915.

5. Hameed captions his opposition papers as "NOTICE OF MOTION IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT". On July 24, 1995, defendants filed a reply memorandum in further support of

their motion. On October 16, 1995, Hameed filed a motion to strike that reply.

Because it is unclear whether Hameed is cross-moving for summary judgment, the Court has construed Hameed's papers as a response to defendants' motion for summary judgment. However, even were the Court to construe his papers as a cross-motion for summary judgment, that motion would be denied. Furthermore, the Court denies Hameed's motion to strike defendants' reply since the Court granted leave for that reply by Order dated July 31, 1995.

*Malsh v. Austin,* 901 F.Supp. 757, 763 (S.D.N.Y.1995).

In this case, Hameed alleges that defendant Pundt is part of the conspiracy because he asked "plaintiff were (sic) he was going." Cmplt. ¶ 12. Furthermore, Hameed concludes that defendant Dole is part of the conspiracy because he was responsible for A–Block, L–Company's 11:00 a.m. "Go–Round Count". *See* Pltf's. Rule 3(g) Stmt. ¶ 2. Finally, Hameed claims that defendant Kelly is part of the conspiracy because he "told plaintiff 'a body was found in your cell' and [you] messed up my count", and because he was involved in the June 5, 1993 misbehavior report, but failed to endorse it. *See* Cmplt. ¶ 14, 18. In addition, plaintiff alleges that defendants all knew that there was no body in Hameed's cell. *See* Cmplt. ¶¶ 22, 24, 26.

However, these facts are insufficient to support a rational finding that there was an agreement among the defendants to deprive Hameed of rights secured under the Constitution, let alone that any such rights were deprived. Indeed, Hameed admits that he spread a sheet over the things on his bed, which was a precipitating cause for the three charges filed against him, one of which resulted in a guilty verdict after a hearing. Moreover, Hameed admits in his own deposition that he has filed only one other lawsuit, that he has never filed a lawsuit regarding any of the defendants or anyone known to associate with defendants, that he met defendant Pundt on a regular basis but that this was the only misbehavior report that defendant Pundt filed against him, and that none of the defendants have said anything racially motivated towards him or directed animus towards his religion. Furthermore, Hameed's claim that defendants were aware of his religion based on his Muslim headgear and association with other Muslims, even assuming arguendo that they had such knowledge, is insufficient in light of all of the facts and Hameed's own deposition testimony to sustain a rational jury finding in his favor.

Nor can Hameed prevail upon a claim that defendants filed a false misbehavior report against him in retaliation for his being "Muslim, black and a litigator". An inmate has no general constitutional right to be free from being falsely accused in a misbehavior report, *see Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986) unless the report is filed in response to undertaking a constitutionally protected activity. *See Jones v. Coughlin,* 45 F.3d 677, 679–80 (2d Cir.1995); *Franco v. Kelly,* 854 F.2d 584, 589 (2d Cir. 1988). Here, as stated above, Hameed admits that he had never filed any lawsuits against any of these defendants or anyone with whom they associate; none of the defendants had ever filed a misbehavior report against him; none of the defendants had ever made any disparaging comments about his race or religion; and he has never filed a grievance nor made any complaints about any of the defendants or any other person with whom defendants associate. *See* Monachino Dec. ¶¶ 5–10; Kelly Dec. ¶¶ 3–5; Pundt Dec. ¶¶ 3–5; Dole Dec. ¶¶ 3–5.

Nor can the Court discern any other facts in Hameed's pleadings or opposition papers sufficient to sustain a rational finding on any other federal claim. While Hameed alleges that defendants violated his Eighth Amendment rights, Hameed has failed to demonstrate any facts to support that claim. *See generally Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Similarly, Hameed has failed to make a threshold showing that prison officials substantially burdened his exercise of religion under the First Amendment. *See generally Prins v. Coughlin,* 76 F.3d 504 (2d Cir.1996); *Jolly v. Coughlin,* 76 F.3d 468 (2d Cir.1996). Nor has Hameed presented any facts to show that defendants violated his Fourteenth Amendment procedural due process rights.

The Court rejects Hameed's argument that the declarations of defendants Pundt and Kelly are invalid because they are unnotarized, that they were made in bad faith and in violation of Fed.R.Civ.P. 56(e), and that sanctions should be imposed. While only Steven Dole's declaration is notarized, Charles Kelly and Steven Pundt's declarations are both signed and contain the statement "I declare under penalty of perjury that the foregoing is true and correct." *See* Kelly Dec.; Pundt Dec. Pursuant to 28 U.S.C. § 1746, any declaration that is re-

quired to be sworn or certified under Fed. R.Civ.P. 56(e) is admissible in support of a summary judgment motion if made "under penalty of perjury." *See McLaughlin v. Cohen,* 686 F.Supp. 454, 457 (S.D.N.Y.1988). Therefore, all three declarations may properly be considered by the Court.

## CONCLUSION

In sum, in light of the undisputed facts and Hameed's own deposition testimony, defendants have demonstrated that there are no facts upon which to support a rational finding for any of Hameed's claims. For the reasons set forth above, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**