United States Court of Appeals,

Fifth Circuit.

No. 96-20782.

Constance J. BARHAN, Plaintiff-Appellant,

v.

RY-RON INC., et al., Defendants,

Charlie Thomas Chevrolet, Inc. & Affiliates Employee Benefit Plan
and Allianz Life Insurance Company of North America, Defendants-
Appellees.

Sept. 5, 1997.

Appeal from the United States District Court for the Southern
District of Texas.

Before KING, DAVIS and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Constance Barhan appeals from a district court's summary
judgment order denying her insurance benefits under her employer's
insurance plan. We affirmed in part, reversed in part and remand.

I.

In late 1992, Barhan was diagnosed with adjuvant breast
cancer. Her doctor recommended that she receive high-dose
chemotherapy with peripheral stem-cell support (HDCT/PSCS). Her
medical provider requested approval of the treatment from Barhan's
insurer, the Charlie Thomas Chevrolet, Inc. & Affiliates Employee
Benefit Plan ("the Plan"). The plan administrator, citing
exclusions in the plan for treatments not recognized by the
American Medical Association and experimental or investigational

1

procedures, denied coverage.[1]

Barhan filed suit against the Plan and Allianz Life Insurance Company of North America ("Allianz") seeking a declaratory judgment that the treatment ordered by her doctor was covered by the Plan and that she was deprived of the "full and fair review" of her claim required by ERISA, 29 U.S.C. § 1133(2).[2]  She also asked the court to order the Plan to pay for her treatment and enter a judgment for $30,124.44, the amount of unpaid medical expenses. The Plan and Allianz filed motions for summary judgment, which the district court granted.

II.

A.

On appeal, Barhan challenges the plan administrator's denial of coverage under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), and

---

[1]According to the policy, "Covered Expenses" do not include:

> L. Charges for services, supplies, or treatments not recognized by the American Medical Association as generally accepted and Medical Necessary for the diagnosis and/or treatment of an active Illness or Injury;  or charges for procedures, surgical or otherwise, which are specifically listed by the American Medical Association as having no medical value;
>
> ...
>
> U. Charges for experimental or investigational procedures, drugs, or research studies, or for any services or supplies not considered legal in the United States.

[2]The Plan is funded, in part, under an excess risk or stop-loss insurance policy issued by the North American Life and Casualty Company, now known as Allianz.

2

contends that the district court erred in granting summary judgment upholding the denial of benefits.

We review the district court's holding on the question of whether the plan administrator abused its discretion *de novo.* *Sweatman v. Commercial Union Ins. Co.,* 39 F.3d 594, 601 (5th Cir.1994). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party must identify evidence that establishes the absence of any genuine issue of material fact, *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553, and the court reviewing a grant of summary judgment must evaluate the facts in the light most favorable to the nonmovant. *Todd v. AIG Life Ins. Co.,* 47 F.3d 1448, 1451 (5th Cir.1995).

The district court reviews the denial of benefits for abuse of discretion when the terms of a benefit plan governed by ERISA give the plan administrator discretionary authority to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Duhon v. Texaco, Inc.,* 15 F.3d 1302, 1305-06 (5th Cir.1994). The benefit plan here provides that, "[t]he Administrator has the sole authority and responsibility to review and make final decisions on all claims to benefit hereunder." This language grants the plan

3

administrator discretion; therefore, if the administrator's decision on eligibility is supported by substantial evidence and is not erroneous as a matter of law, it will be upheld. *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 637 n. 12 (5th Cir.1992).

## B.

To support its motion for summary judgment, the Plan submitted various documents and affidavits. The district court did not assess this evidence. Instead, it stated that in reviewing the plan administrator's decision, it was acting as an appellate court; accordingly, the district court determined, the parties were bound by the Federal Rules of Appellate Procedure. Under Rule 11(a), the appellant must designate the record to be reviewed. Fed. R.App. P. 11(a). The district court concluded that "it is Barhan's duty to provide the administrative record upon which the Plan made its decision" and that because Barhan failed to submit such a record, summary judgment for the Plan was appropriate.

We disagree. While the district court acts as a reviewing court when it examines a plan administrator's decision, we are not persuaded that the Federal Rules of Appellate Procedure apply. Neither the rules themselves nor ERISA provide for such an outcome.[3] Moreover, it is the plan administrator's responsibility

---

[3]According to the rule setting forth the scope of the Federal Rules of Appellate Procedure:

> These rules govern procedure in appeals to United States courts of appeals from the United States district courts and the United States Tax Court; in appeals from bankruptcy appellate panels; in proceedings in the courts of appeals for review or enforcement of orders of administrative agencies,

to compile a record that he is satisfied is sufficient for his decision. *See, e.g.,* 29 C.F.R. § 2560.503-1(f) (requiring that benefits claim denial include specific reference to plan provisions on which denial is based and description of additional material or information necessary to perfect claim for review). Therefore, as a practical matter, the plan administrator is ordinarily best-positioned to submit that administrative record.[4]

We are persuaded that summary judgment is an appropriate procedural vehicle for the administrator to use in obtaining a resolution of the plan beneficiary's suit. Once the motion for summary judgment is filed, the usual summary judgment rules control. In this case and under those rules, the Plan bore the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, affidavits or other factual support that demonstrate that it did not abuse its discretion in rejecting the beneficiary's claim. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552-53. Thereafter, the nonmovant—here, Barhan—had to set forth factual support in proper form tending to show that the plan administrator was not entitled to summary judgment and/or that the nonmovant was entitled

---

boards, commissions and officers of the United States; and in applications for writs or other relief which a court of appeals or a judge thereof is competent to give.

Fed. R.App. P. 1.

[4]Indeed, in the analogous context of appeals from the denial of Social Security benefits, the government is required by statute to submit the administrative record to the district court. 42 U.S.C. § 405(g).

to summary judgment.  *See id.* at 322-23, 106 S.Ct. at 2552-53.

In this case, the Plan, in support of its motion for summary judgment, submitted, among other documents:  (1) the insurance policy containing the exclusionary language;  (2) the initial letter refusing to authorize the treatment;  (3) the affidavit of Dr. Charles Manner, Barhan's board-certified oncologist, recommending treatment;  and (4) the affidavit of Jane Wolff, claims manager for the third-party administrator for the Plan. Wolff's affidavit states that the plan administrator reviewed coverage guides of various insurers and relevant articles in various medical journals;  however, those articles were not attached.  Wolff's affidavit also states that the plan administrator solicited the opinion of Dr. Giora Mavligit, but no affidavit of Dr. Mavligit was submitted.  In her motion opposing summary judgment, Barhan relied on the affidavit from Dr. Manner, already in the record.

The district court concluded that it did not need to assess the plan administrator's factual basis for its decision because Barhan failed to supply an administrative record.  This conclusion is inconsistent with rules governing summary judgment. Under those rules, despite our deferential standard of review, this record does not sufficiently demonstrate the plan administrator's entitlement to summary judgment.  The only evidence put forth by the Plan in support of its position that the HDCT/PSCS treatment is experimental is an affidavit of the claims manager;  that affidavit relies chiefly on hearsay evidence.  *See, e.g., Vidrine v. Enger,*

6

752 F.2d 107, 110 (5th Cir.1984); *see also Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990) (holding that "third-party's description of an expert's supposed testimony is not suitable grist for the summary judgment mill"). None of the documents cited in that affidavit were presented to the court. Nor was an affidavit of Dr. Mavligit, the Plan's expert, submitted. Summary judgment on this record is inappropriate. Therefore, the district court's order granting summary judgment is vacated.[5]

## III.

Allianz, the Plan's reinsurer, argued in its motion for summary judgment that Barhan, as the original insured, had no rights against it. *See, e.g.,* 13A John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 7681 (1976). Allianz contends that Barhan's standing to sue it is a matter of state—in this case, Texas—law. Under Texas law, absent a provision stating otherwise, "the reinsurance contract allows only the reinsured company to bring a claim against the reinsurer [and] the original insureds have no basis for a claim against the reinsurer."

---

[5]Upon their return to district court, both parties have a number of options. They may put evidence into proper summary judgment form and file additional motions for summary judgment. *See Jones v. Wike,* 654 F.2d 1129, 1130 (5th Cir.1981). Moreover, if either party concludes that additional factual development is necessary, it may move to remand to the plan administrator for further factual development. *Cf. Duhon,* 15 F.3d at 1309 n. 8.

The district court should keep in mind that ERISA cases are appropriately handled with some informality by the plan administrator. Many of the claims are small, and in the run of cases, the plan administrator will be understandably reluctant to allow investigative costs to rise to a disproportionate level.

*Malaysia British Assurance v. El Paso Reyco, Inc.,* 830 S.W.2d 919, 921 (Tex.1992). Barhan fails to demonstrate that Allianz's contract with the Plan contains an exception to this general rule allowing her to bring a claim; thus, summary judgment as to Allianz is proper.

## IV.

The district court's order granting summary judgment as to Allianz is AFFIRMED. For the reasons set forth above, the order granting summary judgment as to the Plan is REVERSED and the case is REMANDED for reconsideration in light of this opinion.