IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60903
Summary Calendar
_____

RHODA J. SANDERS,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-731-LN
--------------------
June 21, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rhoda J. Sanders appeals the district court's grant of the motion for summary judgment filed by Metropolitan Life Insurance Company ("MetLife"), the issuer of a disability insurance policy under which she seeks benefits. Sanders contends that the policy in question fell under the safe harbor provisions found in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. and that the district court thus erred in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that the provisions of ERISA applied to this lawsuit. Sanders further argues that, even if the district court did not err in determining that ERISA governed this action, then its judgment must still be reversed because it erred in holding that MetLife did not abuse its discretion in denying her claim for benefits.

This court reviews a district court's grant of summary judgment de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). Barhan v. Ry-Ron Inc., 121 F.3d 198, 202 (5th Cir. 1997). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making this determination, this court must evaluate the facts in the light most favorable to the non-moving party. Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1451 (5th Cir. 1995).

Sanders has not shown that the district court erred in determining that the policy at issue did not fall under ERISA's safe harbor provisions. Sanders's employer, Allstate Insurance Company, both endorsed the policy and administered it. This is sufficient to show that the policy did not fall under ERISA's safe harbor provisions. Hansen v. Cont'l Ins. Co., 940 F.2d 971, 976-77 (5th Cir. 1991).

Sanders also has not shown that the district court erred in determining that MetLife did not abuse its discretion in denying

her claim for long term disability benefits.  The administrative record supported MetLife's determination that Sanders had not shown through medical evidence that she was totally disabled as that term was defined by the plan.  See Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 296-97 (5th Cir. 1999) (en banc); Estate of Bratton v. Nat'l Union Fire Ins. Co., 215 F.3d 516, 526 (5th Cir. 2000).  Sanders argues for the first time in this appeal that the administrative record was incomplete.  Because she did not raise this issue in the district court, we will not consider it.  Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Sanders has not shown that the district court erred in granting MetLife's motion for summary judgment and dismissing her suit.  Accordingly, the judgment of the district court is AFFIRMED.