United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60493
Summary Calendar

LAWRENCE DUBOSE, JR.,

Plaintiff-Appellant,

versus

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-458-GR
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lawrence Dubose, Jr., appeals the summary judgment dismissal
of his complaint arising under the Employee Retirement Income
Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Dubose sought
benefits under his employee benefit plan, alleging that he had
become totally and permanently disabled due to coronary artery
disease and elevated blood pressure. He filed suit following
Prudential's denial of his appeals for benefits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review de novo a summary judgment dismissal and apply the usual summary judgment rules. Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003); Barhan v. Ry-Ron Inc., 121 F.3d 198, 202 (5th Cir. 1997). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). The nonmovant cannot meet his burden with unsubstantiated assertions, conclusional allegations, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Dubose contends that the district court applied an erroneous standard of review. He argues that because Prudential was both the insurer and administrator of the employee benefit plan, Prudential had a conflict of interest and the district court should have applied the "sliding scale" standard of review. He asserts therefore that Prudential's decision should have been afforded less deference.

In Vega v. Nat. Life Ins. Servs., Inc., 188 F.3d 287, 296-97 (5th Cir. 1999) (en banc), we held that a conflict is a factor to be considered in determining whether a plan administrator abused its discretion in denying a claim for benefits. See Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 599 (5th Cir. 1994). Dubose conceded that Prudential had discretionary authority to determine his eligibility for benefits under the plan. The district court recognized Prudential's conflict, evaluated Dubose's asserted reasons to afford less deference to

Prudential's decision to deny disability benefits, and found no merit in Dubose's arguments. Dubose has not shown that the district court applied an incorrect standard of review.

Dubose contends that the district court erred in granting summary judgment. He argues that material factual disputes exist concerning Prudential's decision to deny benefits. He asserts that we should adopt the "treating physician rule" and accord greater deference to his doctor's opinion. Dubose argues that Prudential did not consider the fact that he obtained a favorable disability finding from the Social Security Administration. He contends that Prudential did not disclose its relationship with the independent medical examiner who evaluated Dubose's file. He asserts that Prudential completely ignored the opinion of his treating physician and relied exclusively on an independent medical examiner's opinion to deny benefits.

In Black & Decker Disability Plan v. Nord, 123 S. Ct. 1965, 1972 (2003), the Supreme Court rejected a treating physician rule in ERISA cases.

Dubose conceded that a favorable ruling by the Social Security Administration is not binding on an ERISA plan administrator. Dubose has provided no support for his allegations that the independent medical examiner's opinion was inaccurate or biased.

The record shows that Prudential based its decision denying benefits on the objective medical evidence provided by Dubose's

treating Cardiologist and the independent medical examiner's evaluation of Dubose's medical record.  Although Dubose's primary treating physician found him to be totally disabled, the record shows that Prudential rejected the disability finding as not supported by objective medical evidence.  Substantial evidence supports the disability determination.  See Meditrust Fin. Servs. Corp. v. Sterling Chems. Inc., 168 F.3d 211, 214-15 (5th Cir. 1999).  Accordingly, we AFFIRM the judgment of the district court.