United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

04-30083
Summary Calendar

GLENN SIMONEAUX,

Plaintiff-Appellant,

VERSUS

CONTINENTAL CASUALTY COMPANY; CNA GROUP LIFE ASSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(03-CV-400-F)

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

This ERISA case presents the question of Petitioner-Appellant Glenn Simoneaux's entitlement to long-term disability benefits with Defendant Continental Casualty Insurance Company, Administrator of a Group Disability Plan for Simoneaux's employer, CF Industries, Inc.  Simoneaux was employed by CF Industries until he became disabled with heart disease on February 25, 2002.  After receiving short-term disability benefits, Petitioner applied for long-term

---

[1]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability benefits with Continental Casualty, who as Plan Administrator denied long-term benefits. After exhaustion of administrative remedies, Simoneaux petitioned the district court for review. The parties jointly submitted the administrative record on cross-motions for summary judgment, stipulating that the issues were whether or not the Plan Administrator abused its discretion and/or whether or not its decision to deny long-term benefits under the Plan was arbitrary and capricious.[2] The district court would not disturb the Plan Administrator's determination, and we affirm.

The district court can hold a decision to be arbitrary only if it is "'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'"[3] A court upholds the findings of the Plan Administrator if they are supported by "substantial evidence."[4] We review the cross motions for summary judgment de novo, applying the same standard as the district court.[5]

This case turns on the Plan Administrator's factual

---

[2] R. 642.

[3] Meditrust Finan. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999) (quoting Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 828 (5th Cir. 1996).

[4] Meditrust, 168 F.3d at 215.

[5] Id. at 214; Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994).

determination that Simoneaux did not suffer from a functional impairment that would preclude him from performing the duties of his employment. One of the eligibility requirements for benefits is a physical impairment such that the participant is continuously unable to perform the material and substantial duties of his regular occupation.[6] The long-term aspect is that the impairment must continue during the elimination period – 180 days – and for twenty-four months thereafter.[7]

Simoneaux contends that Continental improperly disregarded the opinions of his treating physician and an independent medical examiner that Simoneaux was permanently disabled from any work. Defendant contends that the evaluating physician's report did not include sufficient findings to support a disability within or beyond the elimination period. According to Defendant, a generalized statement that plaintiff is "permanently disabled for any exertive or stressful work" that is unsupported by the medical tests, records, or findings is insufficient. We agree.

Continental reviewed Simoneaux's medical record and determined that Simoneaux was diagnosed with ischemic heart disease, that the only medical procedure done was a heart catheter and stent replacement, reported in March 2002 to have been successful; that the duration of any physical impairment for the procedure would not

_____

[6] R. 188–89.

[7] Id.

exceed seven to ten days in accordance with ADC Guidelines; and that Simoneaux had no follow-up medical procedures.[8]

Continental collected information from the employer about the physical demands of Simoneaux's job. Investigation revealed that Simoneaux was a chemical operator who would make equipment rounds and would periodically climb ladders and check machinery. He was also required to turn large valves and could use help from coworkers to turn or adjust valves.[9] Continental also interviewed Simoneaux, who revealed that he was capable of taking care of himself, that he drove, that he exercised, and that he helped with work around the house and took care of and played with the pets.[10]

To perform its review and evaluation, Continental used Disability Specialist Gwen Hayslip and Registered Nurse Johanna Cobb. Continental concluded that Simoneaux had no functional impairment that would have prevented him from performing the material and substantial duties of his job beyond the six-month elimination period. Continental's Appeals Committee upheld the conclusion, finding that the heart catheterization procedure resulted in blockage going from 80-90% to zero.[11]

As Plan Administrator Continental had discretion to determine

---

[8] R. 63.

[9] R. 67-69.

[10] R. 151-152.

[11] R. 70.

4

benefit eligibility.  The record demonstrates a "rational connection"[12] between the facts developed and the Plan Administrator's decision to deny benefits.  It obtained and evaluated information presented by the employer, healthcare professionals, and Simoneaux himself, as well as additional submissions during the appeals process.  Continental was neither irrational nor arbitrary in failing to give overriding weight to the treating physician's statement that Simoneaux was totally disabled, a generalized statement not supported by objective medical findings.[13]  Accordingly, the decision is properly upheld.

AFFIRMED.

---

[12]  See Medi-trust, 168 F.3d at 215.

[13]  See Gooden v. Provident Life & Accid. Ins. Co., 250 F.3d 329, 333-34 (5th Cir. 2001) (letter from treating physician stating that patient was disabled, unaccompanied by medical evidence, did not undermine Plan Administrator's decision finding no disability); Sweatman, 39 F.3d at 601-02 (finding no abuse of discretion where Plan Administrator utilized professionals to review and evaluate all the medical records, despite plaintiff's contention that Plan Administrator "attached insufficient weight to her doctor's opinions and too much weight to the results of its own [deficient] investigation").