United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60776
Summary Calendar

JAMES MORGAN WILLIAMS,

Plaintiff-Counter Defendant-Appellant,

versus

HARTFORD LIFE INSURANCE COMPANY,

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 3:05-CV-110)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Williams appeals the district court's grant of summary judgment in favor of

Hartford Life Insurance Company ("Hartford") on Williams's claim for wrongful

termination of his disability benefits and on Hartford's counterclaim for a refund of

disability overpayments in the amount of $27,186.87. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Williams was employed as an electrician with Helmerich & Payne, Inc. ("Helmerich"). He injured his knee in June 1999 and thereafter applied for and received disability benefits from Hartford, which administered Helmerich's employee welfare benefit plan. The plan is governed by ERISA, 29 U.S.C. § 1001 *et seq.* The Hartford policy provides that, during the first twenty-four months of disability, the participant is entitled to receive benefits if he is unable to perform one or more of the essential duties of his job. Benefits continue only if the participant is unable to perform the essential duties of *any* job for which he is qualified by education, training, or experience. In accordance with the policy, Hartford notified Williams in June 2001 that his first 24 months of disability benefits would soon expire and that Hartford had begun an investigation into whether Williams was entitled to continuing benefits.

Hartford determined that Williams could perform sedentary work and discontinued disability benefits in August 2002. Following an unsuccessful appeal of that decision with Hartford, Williams commenced this action in July 2004. Hartford asserted a counterclaim for overpaid disability benefits.

## II. STANDARD OF REVIEW

This court reviews de novo the district court's decision whether the plan administrator abused its discretion in discontinuing disability benefits. *Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201 (5th Cir. 1997). Since the terms of the ERISA benefit plan give the plan administrator discretionary authority to determine benefits, the district court reviews

2

the denial of benefits for abuse of discretion. *See id.* "[I]f the administrator's decision on eligibility is supported by substantial evidence and is not erroneous as a matter of law, it will be upheld." *Id.* Notwithstanding, because Hartford acts as both the insurer and the claims administrator, it operates under a conflict of interest because it "potentially benefits from every denied claim." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999). As the district court did, this court therefore applies a "sliding scale standard" and grants Hartford's decision less than full deference. *Gooden v. Provident Life & Acc. Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001).

## III. DISCUSSION

### A. Benefits decision

Williams first challenges Hartford's decision to discontinue disability benefits on the basis that Hartford's reviewing physician, Dr. Wagner, misconstrued a statement from one of Williams's physicians, Dr. Pasco. Pasco informed Wagner that Williams was capable of functioning at a sedentary level. Based on his review of Williams's medical records and Pasco's statement, Wagner concluded that Williams could perform work at a sedentary level with lifting restrictions. Though Pasco later wrote a letter to Hartford to urge that he did not mean his statements to Wagner "to imply that [Williams] was not disabled," Hartford did not abuse its discretion in discontinuing benefits. Pasco's letter was sent *three years* after Hartford's discontinuance of Williams's benefits, and Hartford did not rely on Pasco's statement alone. Hartford relied on Wagner's opinion, Williams's medical records, and a report from a Hartford rehabilitation expert who concluded that Williams had

sufficient skills that would allow him to be readily employable with earning equal to his pre-disability wages. Williams has not demonstrated a genuine issue of fact as to whether Hartford abused its discretion in discontinuing benefits. *See Simoneaux v. Cont'l Cas. Co.*, 101 F. App'x 11–12 (5th Cir. 2004) (rejecting a benefits determination challenge because the determination was rationally connected to the facts in the administrative record).

Williams also argues that summary judgment was error because Hartford considered neither Williams's back problems nor a letter from a physician, Dr. Eicke, who asserted that Williams was unable to perform sedentary work due to mental illness. As to the back problems, though the evidence was submitted *after* the benefits discontinuance decision, we conclude, as did the district court, that Hartford nonetheless considered the evidence as part of Williams's appeal with Hartford and determined that it was consistent with other medical information that Hartford already had reviewed.

Dr. Eicke's letter was not submitted to Hartford until after Williams's appeal with Hartford was denied. The letter, moreover, was not accompanied by any medical records, and it presented a new basis for disability benefits—Williams originally applied for and received disability benefits due to *physical* disability. Under these circumstances, we cannot say that Hartford abused its discretion in discontinuing benefits. *See Vega*, 188 F.3d at 298 ("There is no justifiable basis for placing the burden solely on the administrator to generate evidence relevant to deciding the claim, which may or may not be available to it, or which may be more readily available to the claimant."); *Simoneaux*, 101 F. App'x at 12 (finding no abuse of discretion where the administrator declined to give overriding weight

4

to medical opinions not supported by objective medical findings).

We also find no merit in Williams's argument that because a part of the medical records reviewed by Wagner were illegible, the administrator must have abused his discretion by discontinuing benefits. Williams's argument misapprehends Hartford's burden. The existence of some unspecified quantity of illegible notes does not render meaningless the legible medical records, Wagner's investigation, including phone calls to Williams's treating physician, Wagner's medical evaluation, and the employability analysis performed by Hartford. There is substantial evidence supporting Hartford's disability determination.[1]

Considering the full record and the parties' submissions, we hold that the district court did not err in granting summary judgment in favor of Hartford on Williams's claim for improper discontinuance of disability benefits.[2]

## B. Williams's requests for remand and additional discovery

---

[1]Hartford declined to defer to the Social Security Administration's determination that Williams, an electrician by trade, had no skills transferable to sedentary work, but this decision does not necessitate reversal. Hartford is not required to defer to a Social Security ruling. *See Horton v. Prudential Ins. Co.*, 51 F. App'x 928 (5th Cir. 2002) ("[W]hile an ERISA plan administrator might find a social security disability determination relevant or persuasive, the plan administrator is not bound by the social security determination." (citation omitted)). Hartford, moreover, conducted an employability analysis, the substance of which Williams has challenged in only a conclusory fashion.

[2]As to Hartford's counterclaim, Williams does not dispute that he is contractually obligated to refund overpayments. He instead argues that, since Hartford assigned the collection of the overpayments to a collection agency, Hartford has no standing to pursue the claim. However, the right to collect the payments and the right to the payments themselves are distinct. The assignment of collection responsibility alone does not establish that the right to the overpayments was also assigned.

5

Williams seeks a remand to Hartford for consideration of certain evidence, including Dr. Pasco's letter submitted three years after the benefits determination and Dr. Eicke's letter regarding Williams's mental illness. Williams also seeks remand because portions of the records were illegible and because Dr. Wagner never successfully contacted two of Williams's treating physicians, even though the medical records from Williams's treatment by those physicians was before Hartford either during Wagner's initial evaluation or during the Hartford appeal. We decline to remand on this basis. *See Vega*, 188 F.3d at 302 n.13 ("We decline to remand to the administrator to allow him to make a more complete record on this point. We want to encourage each of the parties to make its record before the case comes to federal court, and to allow . . . another opportunity to make a record discourages this effort.").

Williams also seeks review of the district court's denial of his discovery requests. Under ERISA, as a general rule, the district court is limited to a review of the administrative record that existed when reviewed by the administrator. *See Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000). There are limited exceptions to the rule, including exceptions for evidence related to how an administrator interpreted certain policy provisions and for evidence that assists the district court in understanding medical terminology. *See id.* Williams argues that he should have been allowed to depose Hartford employees about the disability determination. At issue is a factual determination of no disability by Hartford, not Hartford's interpretation of plan terms. Williams has not explained why his discovery requests fit into the limited

6

exceptions to the administrative record rule. We find no merit in his contentions.

## IV.  CONCLUSION

The judgment of the district court is AFFIRMED.