IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-31175
Summary Calendar

RICK F JANIES

Plaintiff-Appellant

V.

METROPOLITAN INSURANCE CO

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
(No. 2:05-CV-1628)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rick Janies appeals the district court's grant of summary judgment in favor of Metropolitan Life Insurance Company ("MetLife") on Janies's claim for wrongful termination of his disability benefits. We affirm.

I. FACTS AND PROCEEDINGS

Janies was employed by CITGO Petroleum Corporation ("CITGO") as an event coordinator. His responsibilities included coordinating training classes,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arranging seminars, and planning educational events for employees. As a CITGO employee, Janies participated in the company's long-term disability plan which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. He began suffering severe health problems and applied for disability benefits in April 2003. To receive benefits for the first twelve months of disability, the MetLife plan required that the applicant's medical condition prevent him from being able to earn 80% of his predisability earnings or 80% of his indexed predisability earnings in his own occupation. Janies's claim was approved, and he received disability payments under the plan for twelve months. After the first twelve months of disability payments, the MetLife plan required that the participant be unable to earn more than 60% of his indexed predisability earnings from any employer in his local economy at any gainful occupation for which he was reasonably qualified, taking into account his training, education, experience, and predisability earnings. In accordance with the policy, MetLife notified Janies in November 2003 that he would have to meet this new definition of disability in order to continue receiving benefits.

During November 2003, MetLife began an investigation into whether Janies would be entitled to receive benefits after his first twelve months of disability. As part of that investigation, MetLife requested information from Janies. Janies provided a statement and medical records from one doctor but no records were received from a second doctor. On February 14, 2005, MetLife wrote to Janies reviewing the attempts that it had made to obtain medical information necessary to evaluate his claim and advising him that his claim was terminated for failure to submit the necessary information. After termination, Janies provided some additional information, which MetLife reviewed. A nurse consultant for MetLife determined that the additional information did not support the conclusion that Janies's disability prevented him from working. On April 26, 2005, Janies appealed the decision and MetLife referred it to two

independent physician consultants who concluded that there was insufficient information to change the initial determination. The denial was upheld.

Janies commenced this action in state court, and MetLife removed it to the Western District of Louisiana in September 2005.

## II. STANDARD OF REVIEW

This court reviews de novo the district court's decision that a plan administrator did not abuse its discretion in discontinuing disability benefits. See Barhan v. Ry-Ron Inc., 121 F.3d 198, 201 (5th Cir. 1997). Since the terms of the ERISA benefit plan give the plan administrator discretionary authority to determine benefits, the district court reviews the denial of benefits for abuse of discretion. See id. "[I]f the administrator's decision on eligibility is supported by substantial evidence and is not erroneous as a matter of law, it will be upheld." Id. However, because MetLife acts as both the insurer and the plan administrator, it operates under a conflict of interest because it "potentially benefits from every denied claim." Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 295 (5th Cir. 1999). This court therefore applies a "sliding scale standard" and grants MetLife's decision less than full deference. Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 329, 333 (5th Cir. 2001).

## III. DISCUSSION

Janies challenges MetLife's decision to discontinue disability benefits on the basis that the administrative record establishes extensive evidence of his ailments. Janies also argues there is no evidence to support MetLife's contention that he can return to work. Janies is correct that the record establishes extensive evidence of his ailments. MetLife's previous conferral of disability benefits to Janies for twelve months establishes that. However, in order to continue receiving disability payments after the first twelve months, Janies's ailments must meet the more stringent standard of preventing him from earning more than 60% of his indexed predisability earnings at any gainful

occupation for which he is reasonably qualified. Janies failed to establish that his disability qualified him for benefits under this standard.

MetLife based its denial of Janies's claim on the conclusions of a nurse consultant and two physician consultants. Janies argues that there is an overwhelming amount of evidence in favor of his claim. While there is evidence of medical problems, he provides no support or medical opinion to show that his ailments qualify him for disability benefits within the meaning of the disability plan at issue. The attending physician statement provided to MetLife on January 2, 2004 indicates that Janies would improve "in a different work environment." Janies' doctor advised Janies, "Not to return to present job." The determinations of three of MetLife's medical consultants and the statements of Janies's own doctors provided substantial evidence for MetLife's decision. Janies has not demonstrated a genuine issue of fact as to whether MetLife abused its discretion in discontinuing benefits.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.