IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10945
Summary Calendar

NATALYA READ

Plaintiff-Appellant

v.

SUN LIFE ASSURANCE COMPANY OF CANADA

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-258

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Natalya Read's (Read) action against Sun Life Insurance Company seeks accidental death and disability (AD&D) benefits under her husband's employee-welfare-benefit plan. Applying ERISA, the district court denied Read's requests for discovery outside of the administrative record, and granted summary judgment to Sun Life, holding: the plan administrator did not abuse its discretion in denying Read's claim. Read presents three issues.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2005, Robert Read (Mr. Read) died as a result of a one-vehicle accident. The accident report indicated a blood specimen was taken from Mr. Read, but the alcohol/drug result was "PENDING". After the test was completed, a supplemental report was completed, indicating Mr. Read had a blood-alcohol concentration of .10 at the time of the accident. Texas law prohibits operating a motor vehicle with a blood alcohol concentration of .08 or greater. Accordingly, the supplemental report listed "Under Influence-Alcohol" as a factor and condition causing the accident.

Prior to his death, Mr. Read had acquired a life insurance and AD&D policy through his employer, Unit Corporation, designating his wife, Read, as the beneficiary under both. The AD&D policy excluded coverage for, inter alia, self-inflicted injuries, injuries occurring while committing a criminal act, and injuries occurring while operating a motor vehicle while intoxicated.

After her husband's death, Read submitted a claim for life insurance and AD&D benefits. Sun Life paid life insurance benefits, but determined the above-mentioned exclusions precluded coverage for AD&D due to Mr. Read's driving while intoxicated. Accordingly, Read's AD&D claim was denied.

Read filed this action in Texas court for payment of death benefits; Sun Life removed it to federal court, claiming ERISA preempts Read's state-law claim. In district court, Read made two separate written discovery requests to Sun Life.

In response to those requests, Sun Life produced the administrative record relating to Read's claim. It also submitted an affidavit stating the produced record was the complete administrative record. For the portion of those requests seeking discovery outside of that record, Sun Life moved for, and was granted, an order denying discovery.

Sun Life then moved for summary judgment. The court held: Sun Life's denial of AD&D benefits was not an abuse of discretion under ERISA.

Read claims: the AD&D policy is not a "qualified plan" regulated by ERISA; the district court abused its discretion by denying her motion to compel discovery; and summary judgment was awarded improperly to Sun Life.

As a threshold matter, we must determine whether the employer's AD&D policy is a benefit plan regulated by ERISA. This issue of fact is reviewed for clear error. E.g., McNeil v. Time Ins. Co., 205 F.3d 179, 189 (5th Cir. 2000). To be ERISA-qualified, a plan must: (1) exist; (2) fall outside the Department of Labor safe-harbor provision; and (3) satisfy the primary elements of an ERISA "employee benefit plan"—that is, establishment or maintenance by an employer intending to benefit employees. E.g., Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993).

Read maintains the policy is instead a "garden variety, group life insurance policy purchased by Unit Corporation for its employees". This intent is obvious, Read asserts, from the statement on the first page of the policy, stating it is subject to the laws of Oklahoma. The undisputed evidence in the record establishes otherwise. The policy shows: the source of the funding is the employer and policyholder, Unit Corporation; and, the purpose is to provide insurance for its full-time employees. Additionally, the plan does not fall within the Department of Labor safe-harbor provision because Unit Corporation was obligated to pay premiums under the AD&D policy. See 29 C.F.R. § 2510.3-1(j) (prohibiting, for purposes of safe-harbor, inter alia, contributions from being made by an employer). Indeed, employees did not contribute. Therefore, ERISA was correctly applied to Unit Corporation's AD&D policy.

Under ERISA, discovery is limited to review of the administrative record that existed at the time of review by the plan administrator. See Estate of Bratton v. Nat'l Union Fire Ins. Co., 215 F.3d 516, 521 (5th Cir. 2000). Limited exceptions to that rule exist, e.g., for evidence involving interpretation of a plan provision, or explaining medical terms. See Vega v. Nat'l Life Ins. Servs., Inc.,

188 F.3d 287, 299 (5th Cir. 1999) (en banc). The exceptions were neither asserted by Read, nor applicable to the requested discovery. Sun Life produced the entire administrative record, twice, and later certified its completeness by affidavit.

For Read's claim that the summary judgment was improper, the judgment is reviewed de novo. E.g. Kennedy v. Plan Admin'r for Dupont Sav. & Inv. Plan, 497 F.3d 426, 428 (5th Cir. 2007), cert granted, No. 07-636, 2008 U. S. Lexis 1291 (19 Feb. 2008). Such judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Where, as here, an ERISA plan administrator's benefits decision is discretionary, that decision is reviewed only for abuse of that discretion. See Meditrust Fin. Servs. Corp. v. The Sterling Chems., Inc., 168 F.3d 211, 213 (5th Cir. 1999). "[I]f the administrator's decision on eligibility is supported by substantial evidence and is not erroneous as a matter of law, it will be upheld". Barhan v. Ry-Ron Inc., 121 F.3d 198, 201 (5th Cir. 1997).

Because Sun Life serves as both the insurer and the claims administrator, it operates under a conflict of interest, because it "potentially benefits from every denied claim". Vega, 188 F.3d at 295. Therefore, a "sliding scale" standard of review is applied. Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan, 493 F.3d 533, 538 (5th Cir. 2007). "The standard of review does not change, i.e., it remains abuse of discretion; the existence of a conflict of interest is simply a factor to be considered in determining whether the administrator abused its discretion." Id. (emphasis and citation omitted).

Along this line, Read asserts that, because Sun Life both administers and insures the plan, an apparent conflict of interest exists. "Even if a conflict of interest exists under these facts, the district court detailed the appropriate standard of review for such cases and nevertheless granted summary judgment

for [Sun Life], ruling that the [a]dministrator had not abused its discretion in denying [Read's] claim." Wade, 493 F.3d at 538. Indeed, Read presents no evidence, other than the potential for conflict, establishing an abuse of discretion.

Essentially for the reasons stated by the district court, summary judgment was proper. Summary-judgment evidence establishes the claims administrator's decision was supported by substantial evidence to allow a determination that the AD&D claim should be denied. See Meditrust Fin. Servs. Corp., 168 F.3d at 214. As noted, the accident report indicates Mr. Read's blood was tested, and the test revealed a blood alcohol concentration in excess of that allowed of motor vehicle operators under Texas law. See TEX. PEN. CODE ANN. §§ 49.01(2)(B) and 49.04(a).

AFFIRMED.